**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RHYLE SMALL,

    Plaintiff,

v.                                                                        Case No: 8:16-cv-692-T-30TBM

GALEN COLLEGE OF NURSING,

    Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Notice of Objection to Defendant's Filing Notice of Court Removal (Dkt. #5) and Defendant's Response (Dkt. #9) in opposition thereto. Upon review of the objection, response, and being otherwise advised in the premises, the Court concludes that Plaintiff's objection to Defendant's removal of this action is without merit.

**DISCUSSION**

Defendant Galen Health Institutes, Inc., d/b/a Galen College of Nursing removed this action to this Court based on diversity jurisdiction (Dkt. #1). The amount in controversy is established in the complaint, where Plaintiff alleges $210,000 in damages (Dkt. #2, ¶ 8). In its notice of removal, Defendant proffered evidence showing that the parties are diverse, specifically, that (1) Plaintiff Rhyle Small is a citizen of Florida and (2) Galen, the only Defendant, is not a citizen of Florida (Dkt. #1, at ¶¶ 11-12).

Plaintiff, who is proceeding in this case *pro se*, then filed his "Notice of Ojection (sic) to Defendant's Filing of Notice of Court Removal" (Dkt. #5). Because it is apparent

that Plaintiff is asking the Court to remand the case to state court, the Court treats Plaintiff's filing as a motion to remand.

To remove based on diversity jurisdiction, the removing party must demonstrate that (1) there is complete diversity of citizenship and (2) the amount in controversy is greater than $75,000.  *See Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012) (citing 28 U.S.C. § 1332).   Defendant established in its notice of removal that both of these requirements are met.   Plaintiff has not contested Defendant's evidence on either citizenship or the amount in controversy.   Rather, Plaintiff raises various concerns that are immaterial.[1]   Accordingly, Plaintiff's request to remand this case is without merit and denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Plaintiff's Notice of Objection to Defendant's Filing Notice of Court Removal (Dkt. #5), which this Court construes as a Motion to Remand, is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of April, 2016.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2016\16-cv-692 plaintiff objection 5.docx

---

[1] For example, Plaintiff argues that the removal creates "economic hardship" to Plaintiff and is a continuation of Defendant's harassment of Plaintiff.